### T. H. Smith v. The State.

#### No. 4027.   Decided March 11, 1908.

#### Theft—Charge of Court—Valuation in Gross.

Where upon trial for theft, the indictment charged defendant with the theft of three hundred and forty pounds of brass, of the value of $70, and the evidence showed with sufficient clearness and accuracy that the same was of uniform value per pound, and that the aggregate number of pounds of the different pieces of brass actually stolen, amounted to a certain value, under $50, and the jury found the defendant guilty of a misdemeanor, there was no error in the court's refusal to charge the jury that it was necessary in order to convict that the State should prove that the entire amount in pounds of brass, was stolen as alleged, and that if a less amount was shown to acquit defendant. Following Moore v. State, 24 S. W. Rep., 900. Distinguishing Thompson v. State, 43 Texas, 268, and other cases.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. W. Nelms.

Appeal from a conviction of theft; penalty, a fine of $50 and six months confinement in the county jail.

The opinion states the case.

*T. H. Collier, Crawford & Crawford* and *W. I. Ford,* for appellant.— Cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.—Cited cases in opinion.

DAVIDSON, PRESIDING JUDGE.—The first count of the indictment charges appellant with having committed a theft of three hundred and forty pounds of brass of the value of $70, and in the second count with having received some three hundred and forty pounds of brass knowing it to have been stolen.

Appellant relies upon one proposition for reversal, to wit: the refusal of the court to charge the jury that it was necessary as a prerequisite to the conviction that the State should prove that the entire amount of three hundred and forty pounds of brass was stolen as alleged, and that if a less amount was shown, a verdict of not guilty should be returned. The cases relied upon to support this contention are Thompson v. State, 43 Texas, 268; Ware v. State, 2 Texas Crim. App., 547; Meyer v. State, 4 Texas Crim. App., 121; Doyle v. State, 4 Texas Crim. App., 253; Duren v. State, 15 Texas Crim. App., 624; Street v. State, 7 Texas Crim. App., 5; and Hall & Jones v. Jackson, 3 Texas, 305. The State relies upon Duren v. State, 15 Texas Crim. App., 624, supra. It seems from an examination of the authorities cited by appellant that they support his contention, that is; where the indictment alleges several articles without specifying the value of each article, but alleging a valuation, in gross, the whole amount must be proved. This is the rule under the decisions in this State, and it seems to be so throughout the United States. A different rule seems to obtain where the indictment charges the property in gross without specifying the different articles with aggregate value alleged. The authorities seem to make a distinction between indictments specifying different articles and those simply charging the property in bulk. In all the cases appellant cites, except the Duren case, the indictment alleges different articles with an aggregate value, without specifying the particular value of each or any of the articles. In the Duren case, the indictment charged theft of two hundred pounds of seed cotton of the aggregate value of six dollars, and it was contended that the proof must correspond precisely with this allegation. The evidence showed the theft of only seventy-five pounds of cotton of the value of only $3. Judge Willson, delivering the opinion of the court, said: "If this were a case in which the value of the property could affect the grade or punishment of the offense, we would hold this position to be well taken. Thus, if the indictment has charged the theft of several articles of property, of an aggregate value of more than $20, and the evidence had established the theft of only a portion of the articles, a conviction upon such a state of proof of a felony could not be maintained, because such proof would leave it uncertain as to whether the offense was a misdemeanor or a felony." Citing Thompson v. State, 43 Texas, 268; Ware v. State, 2 Texas Crim. App., 547, and Doyle v. State, 4 Texas Crim. App., 253. It is further stated, however, the value of the property could have nothing to do with either the grade or punishment of the offense, the reason being that it was a misdemeanor, the question of felony not being involved. But in Moore v. State, 24 S. W. Rep.,

900, the court said: "It is insisted by appellant that as the indictment alleged the theft of eight hundred and fifty pounds of cotton of the aggregate value of $25, proof of the theft of a less quantity cannot sustain a conviction; that the proof must correspond precisely with the allegation. We do not agree to that proposition in this character of case. While it is true that where the indictment charges various articles of obviously different values, and alleges the aggregate value of the whole, and not the separate value of each article, proof that only some of the articles alleged to be taken were so taken will not sustain a conviction, otherwise you will have a person convicted of theft of an article of which the indictment shows no value, (Thompson's case, 43 Texas, 268) but such reasoning has no application where the property alleged to be stolen is of uniform value, or is all of the same kind or character, as cotton in bulk, and where it is a simple calculation to ascertain the value per pound." It seems to us this opinion announces the true rule.

The evidence is not very clear in the case at hand that three hundred and forty pounds of brass were taken. If that amount of brass had been taken, the value would have been $54.40. The indictment, however, alleges its value at $70. The evidence leaving the matter somewhat in doubt as to the quantity of brass taken, the jury evidently gave appellant the benefit of the doubt and reduced the punishment to a misdemeanor, having fixed his punishment at six months' confinement in the county jail and a fine of $50. The evidence further shows that the brass was worth 16 cents per pound. As we understand the record, there were several pieces of brass stolen; but there is nothing to indicate, otherwise than it was of uniform value, and the aggregate number of pounds of the different pieces of brass actually taken amounted to the value of less than $50. Nor do we understand that anywhere in the record any evidence shows that the different pieces of brass were of different values. In other words, the testimony shows, with sufficient clearness and accuracy, that it was of uniform value, to wit: sixteen cents per pound.

Under the authority of Moore v. State, supra, and that line of reasoning we are of opinion, the court did not err in refusing the requested instructions, and that this case comes within the rule laid down in the Moore case, supra.

The judgment is therefore affirmed.

*Affirmed*

[Rehearing denied.—Reporter.]