### LELAND FOYT V. THE STATE.

No. 20052. Delivered February 15, 1939.
Rehearing Denied April 19, 1939.

The opinion states the case.

*Edgar W. Cale,* of Temple, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is theft of property over the value of $50.00. Punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant's first contention is that the evidence is insufficient to sustain his conviction for theft of property over the value of $50.00.

The indictment charges appellant with the theft of two automobile wheels and all accessories attached thereto, including two tires, two innertubes, two hub caps, two moldings and ten wheel bolts of the aggregate value of $50.00.

Dr. J. R. Martin, from whom the property was stolen, testified: " * * * On July 28, 1937 * * * I missed from this car two automobile wheels, two automobile tires and two innertubes; and two hub-caps, two moldings, and ten automobile wheel bolts. * * * One of the missing tires had been on the car * * * for ten thousand miles; and the other tire * * * had not been driven but about a week or ten days * * and had been run about three or four hundred miles. * * * They were U. S. Royal Tires—6.50x16. * *"

Appellant made a written voluntary confession in which he admitted stealing the two automobile wheels and tires.

Mr. C. A. Munson testified that he dealt in second hand tires in the town of Georgetown, Texas. That he knew the market value of second hand U. S. Tires such as were described by Dr. Martin. That the value of such tires driven ten thousand miles was from $9.00 to $10.00, and that one that had been driven three or four hundred miles was from $15.00 to $17.00. That the value of the innertube run 10,000 miles was $1.50 and the one run three or four hundred miles was about $2.25.

Mr. Compton's testimony as to the market value was substantially the same as that given by Mr. Munson. Compton testified further, however, that the market value of the moldings was from $2.50 to $3.00 each; the hub caps from $1.75 to $2.00 each and the bolts twenty-five cents each, or a total of $2.50.

The State proved by Mr. E. E. Brogren that each automobile wheel was worth $9.50.

Appellant objected to the testimony of Mr. Brogren on the ground that the witness had not shown such knowledge of the value of second hand tires, accessories, etc., as would allow him to express an opinion as to their value. We note, however,

that Mr. Rose, who was offered by the defendant as a witness, testified that the market value of these wheels was $4.00 each or a combined value of $8.00. If we should eliminate from consideration the testimony of Mr. Brogren and consider only that of Munson, Compton and Rose, we find that the aggregate value of the articles stolen is in excess of $50.00, which brought the offense within the category of a felony. See Ware v. State, 2 Tex. Crim. Rep., 547; Smith v. State, 53 Tex. Crim. Rep., 170.

Appellant's bills of exceptions numbers one and two relate to the testimony of Brogren. These bills are qualified by the trial court and as thus qualified fail to reveal reversible error. Furthermore, Brogren's testimony could have been eliminated, as stated above, and a complete case still would have been made against appellant.

His other bills have been carefully examined by us and are deemed to be without merit.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We are not impressed with the complaint that the evidence fails to show the property stolen to have been less than fifty dollars in value. The court charged on both felony and misdemeanor theft and plainly instructed the jury that they could not convict appellant of felony theft unless they found from the evidence beyond a reasonable doubt that the aggregate value of the property stolen was more than fifty dollars. The evidence was such that it was for the jury to determine the value of the property and their finding that appellant was guilty of felony theft finds ample support in the testimony.

There is no merit in appellant's contention that the evidence does not support a finding that all the property described in the indictment was stolen.

The motion for rehearing is overruled.