## CARTWRIGHT v. UNITED STATES.

### No. 11019.

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1944.

134

Russel A. Bonham and King C. Haynie, both of Houston, Tex., for appellant.

Brian S. Odem, U. S. Atty., and James K. Smith, Asst. U. S. Atty., both of Houston, Tex., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Charged in Count 1 with stealing several specifically enumerated, but not separately valued, articles, the property of the United States, with a total value in excess of $50, in violation of Section 82, 18 U.S.C.A.,[1] and in Count 2 with receiving and concealing the same enumerated articles, then and there the property of the United States, with intent to convert them, in violation of Sec. 101, 18 U.S.C.A.,[2] defendant was tried by the court on waiver of jury and found guilty as charged on both counts. Appealing from the judgment on that verdict, he is here insisting that it must be reversed as to both counts for failure of proof; as to Counts 1 and 2, that the property taken was the property of the United States; as to Count 1, that there was a taking as charged of property of a value in excess of $50; and as to Count 2, that the property concealed had been theretofore stolen by another person. We agree with appellant.

[1] "Sec. 82 (Criminal Code, section 35 (C).) Purloining, stealing, or injuring property of United States or property manufactured under contract for War or Navy Departments.

"Whoever .shall take and carry away or take for his use, or for the use of another, with intent to steal or purloin, or shall willfully injure or commit any depredation against, any property of the United States, or any branch or department thereof, or any corporation in which the United States of America is a stockholder, or any property which has been or is being made, manufactured, or constructed under contract for the War or Navy Departments of the United States, shall be punished as follows: If the value of such property exceeds the sum of $50, by a fine of not more than $10,000 or imprisonment for not more than ten years, or both; if the value of such property does not exceed the sum of $50, by a fine of not more than $1,000 or by imprisonment in a jail for not more than one year, or both. Value, as used in this section, shall mean market value or cost price, either wholesale or retail, whichever shall be the greater."

[2] "Sec. 101. (Criminal Code, section 48.) Receiving stolen public property. Whoever shall receive, conceal, or aid in concealing, or shall have or retain in his possession with intent to convert to his own use or gain, any money, property, record, voucher, or valuable thing whatever, of the moneys, goods, chattels, records, or property of the United States, which has theretofore been embezzled, stolen, or purloined by any other person, knowing the same to have been so embezzled, stolen, or purloined, shall be fined not more than $5,000, or imprisoned not more than five years, or both; and such person may be tried either before or after the conviction of the principal offender."

It is true that in his confession, appellant did say that he took "United States Government property from the lawful care and custody of the Lummus Lumber Co., knowing it to be United States Government property". But the proof established beyond the shadow of a doubt that he was mistaken in this and that the property taken was property of the Defense Plant Corporation. While, therefore, the proof shows that an offense has been committed within the purview of Sec. 82, that is a taking of property of a corporation in which the United States is a stockholder, it shows also that that offense was not the offense charged in the first count, "taking property of the United States". The government's position that this is a mere technicality since the United States beneficially owned the stock of the corporation, and, therefore, must be considered to be the owner of its property, will not at all do. The indictment statute recognizes, as the law generally does, the distinction between a corporation and the owners of its stock. The government, having chosen to allege that the property stolen was the property of the United States, did not discharge its burden of proof by showing, as it did here, that it was not such property, but that, on the contrary, it belonged to the Defense Plant Corporation. For the same reason it must be held that it failed to discharge its burden under Count 2 which charged that the concealed property was property of the United States, while the proof showed that it belonged to the corporation. Appellant's second point as to the first count, that the government failed to prove that, on or about the date named in the indictment, he feloniously took articles of a value of more than $50, is equally well taken. While the evidence does, we think, sufficiently show that the value of all the articles enumerated in the indictment as taken was in excess of $50, it conclusively establishes not that all of these articles were taken at one time, but that they were taken as the result of single or separate larcenies, and it is settled law that the value of things taken in separate larcenies can not be aggregated to make up one felonious larceny.[3] The government's position that since the punishment imposed was not more than could be imposed for misdemeanor theft, the allegation that the articles had a value in excess of $50 should be treated as surplusage is not sound. Congress by statute passed in 1909, Sec. 541, 18 U.S.C.A., declared: "All offenses which may be punished by death or imprisonment for a term exceeding one year shall be deemed felonies. All other offenses shall be deemed misdemeanors", and it has been uniformly held that it is not the actual punishment imposed but that which the statute authorizes which determines whether a crime is a felony or a misdemeanor. It is, therefore, well settled that where the grade of larceny, and consequently the punishment, depend on the value of the property, it is essential that the value of the property defendant is charged with having taken be alleged and proved, 32 Am.Jur., Sec. 112, p. 1023. Similarly, where a statute, such as the National Prohibition Act, Title 2, Sec. 29, 27 U.S.C.A. § 46, provides more severe punishment for subsequent offenses than for a first offense, the fact of the prior offense must be positively alleged and proved.[4] The government misapprehends appellant's second point against the conviction on the second count. It devotes its discussion on that point to defending the indictment as sufficient though it fails to allege that the property had been stolen by some person other than the defendant. The strength of appellant's attack and the weakness of the government's defense does not lie in the fault in the indictment. It lies in the proof, which, establishing that not some other person but appellant himself stole the property, failed to establish the commission of the offense denounced by the statute. The verdict as to both counts was without support in the evidence. The judgment of conviction may not stand. It is reversed, and the cause is remanded for further and not inconsistent proceedings.

[3] 32 Am.Jur., Sec. 9, p. 894. Cf. Smith v. State, 53 Tex.Cr.R. 170, 109 S.W. 127; Thompson v. State, 43 Tex. 268, 271; Moore v. State, Tex.Crim.App., 24 S.W. 900; Woods v. People, 222 Ill. 293, 78 N.E. 607, 7 L.R.A.,N.S., 520 and note, 113 Am.St.Rep. 415, 6 Ann.Cas. 736.

[4] Massey v. United States, 8 Cir., 281 F. 293; Schooley v. United States, 8 Cir., 4 F.2d 767.