**UNITED STATES of America**

v.

**Robert Lester TRZCINSKI et al.**

Crim. No. 75–649.

United States District Court, E. D. Pennsylvania.

Jan. 28, 1976.

Thomas J. McBride, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

David A. Garfunkel, Defender Assoc. of Phila., Philadelphia, Pa., for Trzcinski.

Arthur L. Gutkin, Philadelphia, Pa., for Richard and John Cimaszewski.

### MEMORANDUM

NEWCOMER, District Judge.

This memorandum is in support of our entry of guilty verdicts for all three defendants in this case on January 15, 1976. The trial was without a jury and at its conclusion the Court stated its findings of fact. We discuss herein the Court's reasons for denying the motions for judgment of acquittal which were made by the defendants after the close of the government's case.

The defendants were indicted in one count charging that they did willfully and knowingly receive, conceal and retain stolen property of the United States in violation of 18 U.S.C. § 641. The property in question was a 1969 International Harvester twenty-foot truck. The defendants argued that at best the government's evidence could support a conviction for theft of the truck but that it was legally insufficient to support a conviction for receipt, concealment and retention of stolen property. In *Milanovich v. United States*, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), it was held that when a defendant is charged

both with receiving goods stolen from the federal government under 18 U.S.C. § 641, and with stealing the self-same goods, the jury must be instructed that it can convict the defendant for one or the other of the offenses charged, but not for both. In other words,

> "[A] person cannot be convicted and punished for both stealing Government property and for receiving or concealing and retaining the same property." *Altom v. United States,* 454 F.2d 289, 294 (7th Cir. 1972).

Speaking for the majority of the Court in a five to four decision, Mr. Justice Stewart said that Congress had created the offense of receipt of stolen federal government property in order to reach a new group of wrongdoers rather than to multiply the offense of the thieves themselves.

The issue before the Court is how this holding applies to a non-jury case in which the government prosecution is under a one count indictment for receipt of stolen goods. The defendants' argument has two parts. First, it is said that receipt of stolen goods is a separate offense from the theft of the same goods. If one has stolen items and continued his dominion over them, he cannot be said to have "received" them because the only person he could have received them from was himself. Without admitting that they stole the truck, the defendants argue that the government's evidence, if it supports a finding of any wrongdoing by the defendants in connection with the truck, supports a finding that they stole the truck. Thus, the government's proof does not fit the crime charged in the indictment. Lending support to this position is *Cartwright v. United States,* 146 F.2d 133 (5th Cir. 1944). The defendant in that case was indicted for theft of government property and for receipt of stolen government property. The Court held that a conviction for receipt could not stand because the government's

proof established that the defendant himself stole the property.[1]

The Seventh Circuit Court of Appeals distinguished *Cartwright,* in *Altom v. United States,* 454 F.2d 289 (7th Cir. 1972). In that case the defendant was indicted in three counts of receiving and concealing government property and in one count of stealing government property. However, the property named in the theft count was not named in any of the receiving and concealment counts. The defendant alleged that the government's case was an attempt to show that the accused had stolen the property with which he was charged with receipt. He said that the government's evidence, if believed, established that the accused had stolen the property and therefore the government had failed to carry its burden of proving that he had received the property from some other person. In upholding the conviction on the receipt charges the Court said,

> "The defendant in *Cartwright* was convicted of both stealing certain enumerated articles of Government property and of concealing the same. We emphasize that in the instant case the Government did not charge Altom with both stealing and concealing the Telement generators. What complicates Altom's case is that the kind of evidence adduced by the Government to prove the receiving counts is also the basis for a permissible inference of guilt of theft. However in its case under Counts I, II and III, the Government was relying on only the first inference permitted to be drawn from the fact of possession, namely, that the possessor knew the property to have been stolen." 454 F.2d at 295

The second part of the defendants' argument is that only if the Court believes that the defendants stole the truck can it find that the defendants exercised dominion and control over the truck, an

1. This was an alternative ground for the holding since the court had already found that the property which the defendant allegedly stole and/or received was not property of the United States.

essential element of the crime of receipt and concealment. This assessment of the evidence is correct. We could not have found that the defendants, beyond a reasonable doubt, exercised dominion over the vehicle if we had not first concluded that the defendants had stolen the truck. Arguably *Altom* is distinguishable because there "the Government was relying on only the first inference," whereas in the instant case the government needed to rely on the inference that the defendants stole the truck in order to secure their convictions for possession.

Our case is not on all fours with *Milanovich, Cartwright,* or *Altom.* In both *Milanovich* and *Cartwright,* the defendant had been charged and convicted of both stealing and receiving the same goods. (Before discussing this problem in *Cartwright,* the court had already found that the defendant must be acquitted of receipt because the property stolen was not United States property.) The instant case adds an extra twist to *Altom* in that the form of the government's proof forces the court to confront the fact that it has convicted a person for receipt of stolen goods because it has found that he stole those same goods.

We have concluded that *Altom* is the case most in point, and that its holding is consistent with the policy of 18 U.S.C. § 641, as explained by *Milanovich.* Since the defendants have not been charged with theft our holding does not multiply the offense of the robbers. Although we do not understand why the defendants were not indicted both for theft and for receipt, we think that the congressional intent to reach a new group of wrongdoers is not inconsistent with convicting thieves under § 641, so long as they are not convicted for theft of the same goods, and we think Congress intended the latter result. Because the defendants were already on notice that their conduct was illegal, there is no reason not to enforce the statute in this case.