**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Richard J. PAULINO,
Defendant/Appellant.**

**No. 82–1769.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 27, 1983.*

Decided Sept. 28, 1983.

As Amended Oct. 21, 1983.

William J. Glueck, Asst. U.S. Atty., Seattle, Wash., for plaintiff/appellee.

Allen R. Bentley, Asst. Federal Public Defender, Seattle, Wash., for defendant/appellant.

Before TANG, FERGUSON and BOOCHEVER, Circuit Judges.

TANG, Circuit Judge.

Richard J. Paulino appeals from district court judgments finding him guilty of 12 counts of theft of property valued over $100 in violation of 18 U.S.C. § 661. Paulino acknowledges that he stole the charged amounts of money on the specified days from a U.S. Navy service station where he worked as a gas-station attendant. He contends, however, that he should be guilty only of multiple misdemeanors because although the Government showed that the amount he stole at the end of each designated day exceeded $100, the Government did not show that he took more than $100 each time he stole from the cash register. We affirm.

When the offense charged is the theft of property of a certain value, evidence must show the value of the property at the time of the theft. *United States v. Luckey,* 655 F.2d 203, 205 (9th Cir.1981). Here, the theft occurred at the end of the work day when Paulino was accountable for the day's entire cash proceeds. Wrongful conversion of the total amount of the cash proceeds taken occurred at that time. The Government proved that Paulino stole well over $100 on each of the charged days. The Government thus met its burden of showing that the statutory amount was met each day; it did not have the burden of proving the amount Paulino stole each time he went into the cash register on any given day.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Cir.R. 3(a) and Fed.R.App.P. 34(b).

Paulino relies on *Cartwright v. United States,* 146 F.2d 133, 135 (5th Cir.1944) for the proposition that a felony conviction is precluded unless the Government can establish that the felony threshold was surpassed in a single act. The contention is without merit. *Cartwright* is distinguishable on its facts. There, the court disallowed the Government's aggregation of the value of *all* articles stolen, in several larcenies, in order to reach the required statutory amount. Here, although Paulino was charged with stealing on 12 specifically enumerated days, the amount was separately valued on each of these days. It was not necessary to aggregate in order to reach the required statutory amount because Paulino stole well over $100 on each of the specifically enumerated days. His reliance on *Cartwright* is misplaced and his argument is not persuasive.

The convictions are AFFIRMED.