**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dorothy TAYLOR,**
**Defendant–Appellant.**

No. 88–4344.

United States Court of Appeals,
Fifth Circuit.

March 29, 1989.
Rehearing Denied May 15, 1989.

813

Scott Stuart, Jackson, Miss. (Court-appointed), for defendant-appellant.

Patricia W. Bennett, Asst. U.S. Atty., George Phillips, U.S. Atty., Jackson, Miss., for plaintiff-appellee.

Before THORNBERRY, GEE and POLITZ, Circuit Judges.

PER CURIAM:

*Facts and Proceedings Below*

Appellant Dorothy Taylor was indicted for various offenses involving United States Treasury checks. Taylor committed the offenses on four different occasions and was indicted for six separate offenses of forging endorsements or of passing instruments bearing forged endorsements. The face value of each check on which the charges were based is more than $300 and less than $500. Taylor pled guilty to three of the six counts against her: forging endorsements on two checks on two occasions and passing another on a third. Before she did so, the prosecutor had advised her that the maximum sentence she could receive on each count was ten years and that he would recommend that the judge impose that sentence. In the event, the judge sentenced Taylor to ten years on each count, suspending sentence on all but the first. Taylor appeals, contending principally that the statute is ambiguous and should therefore be construed in favor of lenity. Disagreeing with this and with her other points for reversal, we affirm.

*Discussion*

The statutory scheme provided by Congress to punish such crimes as Taylor's is somewhat unusual. Title 18, Section 510(a), provides that forging or passing a Treasury check is punishable by up to ten

years, by up to a $10,000 fine, or by both.[1] Such a provision is clearly within the power of Congress, and if the statute stopped with subsection (a) there would be no quarrel. A later provision, however, complicates matters somewhat, providing

> If the face value of the Treasury check or bond or security of the United States or the aggregate face value, if more than one Treasury check or bond or security of the United States, does not exceed $500, in any of the above-mentioned offenses, the penalty shall be a fine of not more than $1,000 or imprisonment for not more than one year.

18 U.S.C. § 510(c). As we have noted, Taylor contends that subsection (c) is ambiguous and that we should resolve any doubt about its meanings in favor of lenity. Taylor's interpretation, however, ignores the plain language of the statute; and accepting it would render meaningless the provision for aggregating check values.

Subsection (c) is itself a lenity provision, designed to spare less than major offenders the rigors of the general punishment provision. Without it, forging or passing *any* Treasury check—be it for $1 or for $1,000,000—would incur exposure to a sentence of the ten years in prison and thousands of dollars in fines of the general punishment provision. With it, if the criminal is to be sentenced for forging endorsements on or passing no more than an aggregate value of $500 in Treasury checks, the sentence is limited to one year or a $1,000 fine, or both. If, however, the offender has exceeded the $500 limit—either in one check or in the aggregate of checks which are the subject of all the counts on which he is to be sentenced—then all bets are off and he is subject to the more rigorous ten and ten general provision for *each offense*, no matter what size

the check on which its charge was based. Such a Congressional purpose to spare the offender who does not transgress largely or often is an entirely understandable one. Nor can we find fault with the lawmakers' refusal to draw distinctions between the forger of one $501 check and that of two $251 ones, or with their want of concern whether the latter two offenses are charged in one count or two.

Nor are such decisions as *United States v. Billingslea*, 603 F.2d 515 (5th Cir.1979) in conflict with our holding today.[2] There we held that separate misdemeanor takings on separate occasions could not properly be aggregated in value so as to constitute one felony. Nothing of the sort has been done here: Instead, the benefit of a rescue provision limiting punishment for an offense already *declared* a felony has been denied one who exceeds that provision's dollar limit, whether in one check or in the aggregate of many.

When we compare the statutory scheme at issue in *Billingslea* with § 510(c), we must conclude that Congress intended sentencing courts to aggregate the value of checks passed or forged in violation of § 510—whether the individual checks form the basis of one or of many counts. The defendant in *Billingslea* was convicted under 18 U.S.C. § 665 (West 1978), a statute that is similar but not identical to § 510. Like § 510(a), § 665 sets out an offense and a maximum sentence for that offense. 18 U.S.C.A. § 665; *Billingslea*, 603 F.2d at 517–18. And, like § 510(c), § 665 contains a lenity provision, limiting to one year and/or $1,000 the sentence and fine for offenders who steal or embezzle less than $100. 18 U.S.C.A. § 665; *Billingslea*, 603 F.2d at 517–18. Unlike § 510(c), however, § 665's lenity provision does not contain an aggregation clause. Rather, § 665 merely

---

1. "Whoever, with intent to defraud (1) falsely makes or forges any endorsement or signature on a Treasury check or bond or security of the United States; or (2) passes, utters, or publishes, or attempts to pass, utter, or publish, any Treasury check or bond or security of the United States bearing a falsely made or forged endorsement or signature shall be fined not more than $10,000 or imprisoned not more than ten years, or both. *18 U.S.C. § 510(a)*."

2. *See also United States v. Dawson*, 790 F.2d 1565 (11th Cir.1986), *cert. denied*, —— U.S. ——, 108 S.Ct. 111, 98 L.Ed.2d 71 (1987), and *United States v. White*, 524 F.2d 1249 (5th Cir.1975), *cert. denied*, 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 375 (1976), indicating that each of Taylor's forgeries or passings was a separate offense.

provides for lenity if "the amount ... does not exceed $100." 18 U.S.C.A. § 665. Thus, in *Billingslea* we held that the district court could not aggregate the amounts involved in separate offenses so as to deprive the defendant of the lenity provision. As a result, a defendant who violates § 665 may commit numerous offenses involving $99 or less and retain the benefit of § 665's lenity provision.

By including an aggregation provision in § 510(c), however, Congress willed a different result for cases arising under that statutory scheme. In § 510(c), Congress expressly directed district courts to aggregate the value of the checks to determine whether the defendant is entitled to lenity. As a result, Congress created a lenity provision in § 510(c) that is narrower and less forgiving than that of § 665. Section 665 spares a defendant who commits one or many violations so long as the amount involved in each transaction is less than $100; section 510(c) shows mercy to a narrower group of defendants—those whose criminal conduct, considered in the aggregate, involves $500 or less. Section 665 grants lenity to a defendant who violates § 665 in small degrees, without regard for how many times he does so; § 510(c) is not so indulgent: its tolerance for the offender who repeatedly forges checks in small amounts is exhausted at the $500 line. Simply put, when Congress intended the sentencing court to aggregate, it said so expressly and without qualification; when it intended the court to consider the amount involved in each transgression separately, it did not authorize the court to aggregate.[3]

In Taylor's view, Congress intended to permit sentencing courts to aggregate the values of checks that form the basis of one charge, but not the values of checks that form the basis of several separate charges. For example, if a defendant forged two checks simultaneously, the prosecutor could charge him with one offense and the court could aggregate the value of the checks. This interpretation renders meaningless the aggregation provision and offends notions of common sense. The aggregation provision denies leniency to those criminals crafty enough—or habitual enough—to commit repeated violations in small amounts. If the court may aggregate only when the defendant has committed multiple transgressions simultaneously, then the aggregation provision will apply to the small number of cases in which the defendant has forged several small checks at once. In this event, the court would be able to aggregate only in that rare case and, as a result, criminals dealing in multiple but small checks would benefit from a leniency that Congress meant to deny them. Moreover, the language of § 510(c) is clear: the court can aggregate the value of checks used in any offense falling under § 510, whether charged in one count or in more. Because the language of § 510(c) is clear, we need not construe it in favor of lenity; rather, we construe it according to common sense and its plain meaning and permit the court to aggregate the value of all checks that form the basis of a violation no matter whether the checks form the basis of one or of many chargeable offenses.

■ Nor does Section 510(c) violate Taylor's Sixth Amendment right to be informed of the nature and cause of the accusations against her. The Sixth Amendment, as Taylor points out, prohibits merging separate and distinct offenses into a more serious offense unless that is authorized by law and properly alleged. The United States contends, correctly we think, that § 510(c) does not merge the offenses but merely aggregates the face value of the checks for purposes of sentencing. In

---

**3.** See also *United States v. DiGilio*, 538 F.2d 972 (3rd Cir.1976), *cert. denied sub nom., Lupo v. United States*, 429 U.S. 1038, 97 S.Ct. 733, 50 L.Ed.2d 749 (1977) and *Cartwright v. United States*, 146 F.2d 133 (5th Cir.1944). In *DiGilio* and in *Cartwright* the defendant was convicted under a statutory scheme that included a leniency provision but did not contain an aggregation clause. *DiGilio*, 538 F.2d at 975 & n. 1; *Cartwright* 146 F.2d at 134 and n. 1. In both cases, the court refused to allow the sentencing court to aggregate the amounts involved in separate transgressions to avoid the leniency provision. *DiGilio*, 538 F.2d at 980; *Cartwright*, 146 F.2d at 135.

addition, § 510(c) specifically authorizes the court to consider the offenses together for purposes of sentencing.

■ Section 510(c) does not violate Taylor's due process rights. Relying on *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), Taylor argues that § 510(c) violates due process because it fails to give her sufficiently clear notice of the consequences of her conduct. *Id.* at 123, 99 S.Ct. at 2203. If § 510(c) were unclear, it might raise due process concerns. The statute is, however, clear and unambiguous: a person convicted of forging a check for $500 or less faces a fine of $1,000 and a sentence of one year; one convicted of forging a check for more than $500, or of forging multiple checks with an aggregate value of more than $500, faces a fine of $10,000 and a sentence of ten years.

■ Finally, § 510(c) does not constitute double jeopardy. Taylor argues that she has been punished twice for the same offense. In her view, Congress did not authorize the court to aggregate the values of the checks which Taylor forged. In effect, we are told, the court sentenced Taylor to one year for each check and sentenced her again for the aggregate amount of the checks. Taylor's attempt to invoke double jeopardy fails because, as we have explained, Congress did authorize the court to aggregate the values of the checks for purposes of sentencing.

AFFIRMED.

THORNBERRY, Circuit Judge, dissenting:

I respectfully part company with the majority's holding that 18 U.S.C. § 510 is unambiguous, allowing aggregation of checks from separate, distinct offenses to determine the applicability of the statute's leniency provision. I would hold that it is possible, and perhaps even mandatory, to read the statute as only permitting aggregation of checks within each offense. Because of the ambiguity in the statute, I would reverse under *Dowling v. United States*, 473 U.S. 207, 105 S.Ct. 3127, 87 L.Ed.2d 152 (1985) and *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980).

Turning first to the statute itself, the critical language is: "[i]f the face value of the ... [check] or the aggregate face value ... in any of the above-mentioned offenses ... does not exceed $500." The majority interprets this language to authorize the aggregation of checks from separate and distinct offenses. Nowhere does the statute instruct the state to aggregate the checks involved in all the offenses committed under the statute, nor does the statute require aggregation of all checks listed in one indictment.

I believe it is possible to find that Congress intended for the state to aggregate the checks involved in each individual offense. The facts in this case indicate that Taylor committed three distinct offenses, each of which involved only one check with a value less than $500. *See United States v. White*, 524 F.2d 1249 (5th Cir.1975). I would, therefore, hold that, under at least one interpretation of the statute, the aggregation provision would not apply in the instant case.

Although the majority distinguishes *United States v. Billingslea*, 603 F.2d 515 (5th Cir.1979), I believe that we should follow *Billingslea*. As the majority noted, the statute in *Billingslea* contained a leniency provision, allowing a lesser term if "the amount so embezzled, misapplied, stolen, or obtained by fraud [did] not exceed $100." *Id.* at 517–18 (quoting 18 U.S.C. § 665). The *Billingslea* statute did not specifically mention aggregation, however, the language of the statute indicates that Congress permitted aggregation. The statute refers to "the amount embezzled, misapplied, stolen or obtained by fraud." 18 U.S.C. § 665. The statute does not refer to the value of each item taken. Rather, it suggests that the value of all the items involved can be added together to determine "the amount" illegally taken. The defendant in *Billingslea* had taken Comprehensive Employment Training Act (CETA) checks from students and deposited them into his own accounts. The state

aggregated the checks from several offenses in order to escape the leniency provision. On appeal, this court concluded that "[s]ince ... each misappropriation was a separate offense ..., it was improper to allow the government to aggregate the offenses in order to reach the dollar amount required to sustain a felony." *Id.* at 520. The *Billingslea* prohibition on aggregation among offenses calls into question the majority's interpretation of the statute and creates an ambiguity that I believe requires a reversal.

Furthermore, as a matter of public policy, I find it difficult to believe that Congress intended that checks from distinct offenses occurring at different times and places could be aggregated. Under the majority's holding, a defendant who forged a $251 check this month, waited a year and forged another check of equal value, would be deprived of the leniency provision.

For the above reasons, I DISSENT.