# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2014

Lyle W. Cayce
Clerk

No. 13-10049

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SHERYL DENISE LAGRONE,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Defendant–Appellant Sheryl Denise Lagrone was charged in two felony counts of violating 18 U.S.C. § 641. Following her conviction, she was sentenced to two concurrent terms of 45 months of imprisonment, three years of supervised release, $20,374.76 in restitution, and two $100 special assessments. Each of Lagrone's two theft offenses involved Government property with a value less than $1,000, and she contends that 18 U.S.C. § 641 does not permit her to be convicted of more than a single felony count. We agree and accordingly vacate and remand.

## I

Lagrone obtained postal stamps at United States Postal Offices in various locations, tendering checks with insufficient funds as payment in these

No. 13-10049

transactions. She was indicted, in three counts, for willfully and knowingly stealing "a thing of value" from the United States in violation of 18 U.S.C. § 641. She pleaded guilty to two of the counts for stealing $880 of stamps in each of two post offices. The third count was dismissed. In her guilty plea, Lagrone stipulated to the facts of her offenses but reserved a dispute about the possible penalties—specifically whether she was subject to penalties for a single felony conviction or two felony convictions. The Government articulated its belief that Lagrone was subject to a maximum of 20 years of imprisonment (ten years per count), a fine not to exceed $500,000 ($250,000 per count), and special assessments of $200 ($100 per count), while Lagrone contended that the maximum penalties were limited to those for a single felony count under § 641, which would be ten years of imprisonment, a $250,000 fine, and a $100 special assessment.

The Presentence Investigation Report (PSR) determined that Lagrone had a total offense level of 8 and Criminal History Category of V, which resulted in an advisory Guidelines range of 15 to 21 months of imprisonment for each count. At sentencing, the district court adopted the findings of the PSR, but varied upward to address Lagrone's criminal history. The district court also rejected Lagrone's objection to the second felony count. The district court sentenced Lagrone to 45 months of imprisonment, and three years of supervised release for each count, to run concurrently. The court also ordered her to pay $20,374.76 in restitution and two special assessments of $100 each. Lagrone appeals her sentence.

## II

Lagrone's sole contention in our court is that the district court erred in imposing penalties for two felony convictions under § 641. The ultimate issue is whether 18 U.S.C. § 641 authorizes the aggregation of thefts, each of which is less than $1,000 and would individually subject the defendant only to

No. 13-10049

misdemeanor penalties, in order to impose felony penalties for each instance of theft. This is a question of statutory interpretation, which we review de novo.[1]

## III

"The first step in statutory interpretation . . . is to look at the plain meaning of the statutory language."[2] We will enforce the statute's plain meaning, unless absurd.[3] Section 641 provides,

> Whoever embezzles, steals, purloins, or knowingly converts to his use . . . any record, voucher, money, or thing of value of the United States or of any department or agency thereof . . . [s]hall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.[4]

The Government contends that the statutory language allows it to charge a defendant with a violation of § 641 each time she steals something of value from the United States, with a maximum penalty of ten years' imprisonment on each count. It asserts that the only exception is when the total value of the property stolen, aggregated from all of the counts in the case, is less than $1,000, in which event the maximum penalty is one year of imprisonment on each count. The Government concludes that counts of theft that each individually involve amounts less than $1,000 may be aggregated under the statute and a felony can be charged for each count if the total, aggregated amount across all counts exceeds $1,000.

---

[1] *United States v. Lawrence*, 727 F.3d 386, 391 (5th Cir. 2013).

[2] *United States v. Spurlin*, 664 F.3d 954, 964 (5th Cir. 2011).

[3] *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 486 (5th Cir. 2013).

[4] 18 U.S.C. § 641.

No. 13-10049

The Government argues that we resolved this issue in *United States v. Reagan*,[5] in which we held that "the allowable unit of prosecution under § 641 is each individual transaction in which government money is received."[6]  In *Reagan*, the defendant was convicted of five counts of violating § 641 for improperly receiving $41,832 in federal low-income housing rent subsidy program payments over a period of five years.[7]  He received concurrent sentences of twelve months' imprisonment, two years of supervised release, and five $100 special assessments.[8]  He challenged his sentence on the ground that the indictment was multiplicitous and argued that he should only be subject to the penalties for a single felony count.[9]  Noting that under similarly-worded statutes "each distinct taking of funds constitutes a separate violation," we held that the defendant could properly be convicted of multiple felony counts under § 641.[10]

In *Reagan*, however, each of the counts for which the defendant was convicted exceeded $1,000;[11] consequently, the operation of § 641's aggregation clause was not at issue.  The question remains whether § 641 permits the aggregation of thefts, which alone would subject the defendant only to misdemeanor penalties, in order to impose felony penalties for each theft.

We conclude that § 641 is unambiguous when applied to the facts before us.  While it permits aggregation under the facts before us in order to charge a

---

[5] 596 F.3d 251 (5th Cir. 2010).

[6] *Reagan*, 596 F.3d at 254.

[7] *Id.* at 252.

[8] *Id.*

[9] *Id.* at 252-53.

[10] *Id.* at 253.

[11] The amount related to each count is not stated in the *Reagan* opinion.  However, the Government's brief lists the amounts.  *See* Brief for the United States, at 6, 17, *United States v. Reagan*, 596 F.3d 251 (5th Cir. 2010) (No. 08-11006), 2009 WL 6669669.

single felony, it does not permit charging both offenses for which Lagrone was convicted as felonies.

If we were to accept the Government's position that § 641's plain language authorizes felony penalties for each instance of theft, so long as the total of all thefts charged exceeds $1,000 in the aggregate, then the penalties applicable to certain offenses would depend on whether subsequent offenses occurred. As an example, assume an individual improperly receives monthly federal benefits of $90. Were that individual convicted of illegal receipt of eleven months of checks, she would be subject to a maximum of eleven years in prison through the eleventh month that she improperly received federal benefit checks. However, under the Government's construction, upon the receipt of the twelfth check, the possible penalties for *each* of the checks would be multiplied ten-fold, subjecting the individual to the potential of twelve ten-year maximum sentences, totaling a maximum of 120 years' imprisonment.

The applicable limitations period for offenses under § 641 is five years.[12] If we accepted the Government's position, a theft of $500 that subjects the offender to a misdemeanor charge with a maximum penalty of one year of imprisonment would become a felony if it were followed four and a half years later by a second theft of $501 and the Government decided to charge the two offenses together. The maximum penalty on the initial theft would increase from one year in prison to ten years.

The Government's interpretation of § 641 permits retroactively changing the penalty for what would otherwise be misdemeanor offenses to penalties for felonies if they are charged in the same case as subsequent thefts that exceed $1,000 in the aggregate. Lagrone argues that a better interpretation of § 641 is that the statute permits the aggregation of multiple thefts in order to reach

---

[12] 18 U.S.C. § 3282(a).

the $1,000 statutory limit and allows the Government to charge the defendant with a felony for each theft or series of thefts that exceeds $1,000 in the aggregate. Because neither of her thefts alone exceeds $1,000 and both are necessary to comprise a single series that exceeds $1,000 in the aggregate, she contends that § 641 permits her to be charged with only a single felony.

We note that Lagrone's interpretation accords with how the Government charged the offenses in *Reagan*. In *Reagan*, the defendant improperly received monthly payments for five years.[13] Each check was individually less than $1,000,[14] but the prosecution aggregated the monthly checks for each fiscal year in order to charge the defendant with five felonies—each a series of misdemeanors that exceeded $1,000 in the aggregate—and not the *sixty* felonies to which he could have been subject based on the Government's position in the case before us today.[15]

We conclude that Lagrone's interpretation reflects the plain language of § 641. Even were we unconvinced that Lagrone's view is the correct one, and instead found the two interpretations to be equally persuasive, we would be bound under the rule of lenity to adopt the position favoring Lagrone.[16] "The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants . . . [to avoid] subject[ing] [them] to punishment that is not clearly prescribed."[17] Because felony penalties for each misdemeanor-level theft are not clearly prescribed by the statute, we must interpret § 641 in

---

[13] *Reagan*, 596 F.3d at 252.

[14] Brief for the United States, *supra* note 11, at 6, 17.

[15] *Id*. at 17; *Reagan*, 596 F.3d at 252.

[16] *United States v. Santos*, 553 U.S. 507, 514 (2008) (explaining that when two interpretations of a criminal statute are equally plausible, "the tie must go to the defendant").

[17] *Id*.

No. 13-10049

Lagrone's favor. Therefore, we hold that Lagrone is properly subject to only a single felony count under § 641, and she must be resentenced accordingly.[18]

*    *    *

For the foregoing reasons, the sentence imposed by the district court is VACATED and this case is REMANDED to the district court for resentencing.

---

[18] *See United States v. Bradsby,* 628 F.2d 901, 905 (5th Cir. Unit A 1980).