# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10049

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SHERYL DENISE LAGRONE,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

ON PANEL REHEARING

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Our panel granted rehearing, withdrawing our earlier opinion filed February 18, 2014.[1]  After hearing argument and further considering the issues, we substitute the following.[2]

Sheryl Denise Lagrone was convicted on two felony counts of violating 18 U.S.C. § 641.  The district court sentenced Lagrone to two concurrent terms of forty-five months of imprisonment.  Although Lagrone's two theft offenses involved Government property with a value exceeding $1,000 in the aggregate,

---

[1] *United States v. Lagrone*, 743 F.3d 122 (5th Cir. 2014).

[2] *See* FED. R. APP. P. 40(a)(4)(C).

No. 13-10049

the value of the property involved in each theft offense was less than $1,000. Lagrone contends that she may only be convicted of one felony, not two, under § 641 because her first theft did not exceed $1,000. We affirm the sentence imposed by the district court.

## I

Lagrone obtained postal stamps from United States Postal Service offices by tendering checks with insufficient funds as payment. She was indicted, in three counts, for willfully and knowingly stealing "a thing of value" from the United States in violation of 18 U.S.C. § 641. She pleaded guilty to two of the counts for stealing $880 of stamps from each of two post offices. The third count was dismissed. In her guilty plea, Lagrone stipulated to the facts of her offenses but reserved the right to dispute the possible penalties—specifically whether she was subject to penalties for a single felony conviction or two felony convictions. The Government articulated its belief that Lagrone was subject to a maximum of 20 years of imprisonment (ten years per count), a fine not to exceed $500,000 ($250,000 per count), and special assessments of $200 ($100 per count). Lagrone contended that the maximum penalties were limited to those for a single felony count under § 641, which would be ten years of imprisonment, a $250,000 fine, and a $100 special assessment.

The Presentence Investigation Report (PSR) determined that Lagrone had a total offense level of 8 and Criminal History Category of V, which resulted in an advisory Guidelines range of 15 to 21 months of imprisonment for each count. At sentencing, the district court adopted the findings of the PSR but varied upward to address Lagrone's criminal history. The district court also rejected Lagrone's objection to the second felony count. The district court sentenced Lagrone to 45 months of imprisonment, and three years of supervised release for each count, to run concurrently. The court also ordered

No. 13-10049

her to pay $20,374.76 in restitution and two special assessments of $100 each. Lagrone appeals her sentence.

## II

Lagrone's sole contention on appeal is that the district court erred in imposing penalties for two felony convictions under § 641. The ultimate issue is whether 18 U.S.C. § 641 authorizes a felony penalty for the first theft committed when it involves less than $1,000 and would, on its own, result only in a misdemeanor penalty for the defendant, but when aggregated with one or more subsequent thefts, the amount involved exceeds $1,000. This is a question of statutory interpretation, which we review de novo.[3]

## III

We apply a statute's plain meaning, unless an absurd result obtains.[4] Section 641 provides:

> Whoever embezzles, steals, purloins, or knowingly converts to his use . . . any record, voucher, money, or thing of value of the United States or of any department or agency thereof,
>
> . . .
>
> Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.[5]

Lagrone argues that she should not have been convicted of two felonies under § 641. The first theft, at the time it occurred, would not have resulted in a felony conviction because of the lenity provision. She acknowledges that

---

[3] *United States v. Lawrence*, 727 F.3d 386, 391 (5th Cir. 2013).

[4] *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 486 (5th Cir. 2013).

[5] 18 U.S.C. § 641.

after the second theft occurred—bringing the aggregate stolen property over the $1,000 threshold—the court could treat her second theft as a felony. But she argues that the first theft cannot retroactively be treated as a felony.

The Government contends that the statutory language allows it to charge a defendant with a felony violation of § 641 each time she steals something of value from the United States, with a maximum penalty of ten years' imprisonment on each count. It asserts that the only exception is when the total value of the property stolen, aggregated across all of the counts in the case, is less than $1,000, in which event the maximum penalty is one year of imprisonment. The Government concludes that counts of theft that each individually involve amounts less than $1,000 may be aggregated under the statute and a felony can be charged for each count if the total amount, aggregated across all counts, exceeds $1,000.

The Government contends that we resolved this issue in *United States v. Reagan*,[6] in which we held that "the 'allowable unit of prosecution' under § 641 is each individual transaction in which government money is received."[7] In *Reagan*, the defendant was convicted of five counts of violating § 641 for improperly receiving $41,832 in federal rent-subsidy payments over a period of five years.[8] He received five concurrent sentences of twelve months' imprisonment, two years of supervised release, and five $100 special assessments.[9] He challenged his sentence on the ground that the indictment was multiplicitous and argued that he should only be subject to the penalties

---

[6] 596 F.3d 251 (5th Cir. 2010).

[7] *Id.* at 254.

[8] *Id.* at 252.

[9] *Id.*

for a single felony count.[10]  Noting that under similarly worded statutes "each distinct taking of funds constitutes a separate violation," we held that the defendant could properly be convicted of multiple felony counts under § 641.[11]  In *Reagan*, however, each of the counts for which the defendant was convicted exceeded $1,000.[12]  Consequently, the operation of § 641's aggregation clause was not at issue.

However, we considered the effect of an aggregation clause in an almost identical statute in *United States v. Taylor*[13] and reached the conclusion that the operation of that statute's lenity provision was clear.[14]  Our decision in *Taylor* involved a defendant convicted of offenses under 18 U.S.C. § 510, which prohibits the fraudulent creation or use of Treasury checks, bonds, or securities of the United States.[15]  Section 510 provides in pertinent part that anyone committing such an offense

> shall be fined not more than $10,000 or imprisoned not more than ten years, or both . . . . [but] [i]f the face value of the Treasury check or bond or security of the United States or the aggregate face value, if more than one Treasury check or bond or security of the United States, does not exceed $500 . . . the penalty shall be a fine of not more than $1,000 or imprisonment for not more than one year.[16]

---

[10] *Id.* at 253-54.

[11] *Id.*

[12] The amount related to each count is not stated in the *Reagan* opinion.  However, the Government's brief lists the amounts.  *See* Brief for the United States at 6, 17, *Reagan*, 596 F.3d 251 (No. 08-11006), 2009 WL 6669669.

[13] 869 F.2d 812 (5th Cir. 1989) (per curiam).

[14] *Id.* at 813-16.

[15] *Id.* at 813-14; *see* 18 U.S.C. § 510(a).

[16] *Taylor*, 869 F.2d at 814 & n.1 (quoting 18 U.S.C. § 510(a), (c) (1989)).  Following *Taylor*, Congress amended § 510 to raise the cap on the lenity provision to $1,000, to change the amounts of fines permitted, and to authorize both a fine and imprisonment when the lenity provision applies.  *See* 18 U.S.C. § 510(a), (c) (2012).  For the purposes of our analysis, none of these amendments materially affect the operation of § 510's lenity provision.

No. 13-10049

Like Lagrone, the defendant in *Taylor* was convicted of multiple counts for offenses that individually fell below the statutory limit, but in the aggregate exceeded the limit, and was sentenced under the felony penalty scheme for each count.[17]  In affirming the sentence, we held that, under the statute, if an offender exceeded the $500 limit—"either in one check or in the aggregate of checks [that] are the subject of all the counts on which he is to be sentenced"— then he could be sentenced to ten years of imprisonment "for *each offense*, no matter what size the check on which its charge was based."[18]  We reasoned that, by its terms, § 510 dictates that the penalty for its violation is a felony, and therefore, exceeding the lenity limit merely has the effect of denying to the defendant "the benefit of a rescue provision limiting punishment for an offense already *declared* a felony."[19]  We distinguished § 510 from a different statute, 18 U.S.C. § 665, which contained no aggregation clause in its lenity provision.[20]  Unlike that statute, which "spares a defendant who commits one or many violations so long as the amount involved in each transaction is less than $100," we explained that the congressional purpose of the lenity provision in § 510 was to "show[] mercy to a narrower group of defendants" whose transgressions were neither large *nor* frequent.[21]  We concluded in *Taylor* that the language of § 510 was "clear" such that the rule of lenity did not apply.[22]

In the present case, the lenity provision of § 510 we interpreted in *Taylor* is indistinguishable from the lenity provision in § 641.  A felony conviction may

---

[17] *Taylor*, 869 F.2d at 813.

[18] *Id*. at 814.

[19] *Id*.

[20] *Id*. at 814-15.

[21] *Id*. at 815.

[22] *Id*.

be obtained for an initial theft below the $1,000 threshold when all thefts in the case, aggregated, exceed $1,000.

Separating § 641 into its constituent parts, the first clause establishes that anyone who steals from the United States "[s]hall be fined under this title or imprisoned not more than ten years, or both."[23] The second clause then provides a limited exception to this rule for individuals whose thefts in the aggregate across all counts for which the defendant is convicted do not exceed $1,000.[24] Contrary to Lagrone's contention that allowing felony penalties on all counts of theft when an initial theft does not exceed $1,000 makes the initial theft retroactively more serious, § 641 plainly declares that *all* thefts are *already* felonies. It is only if the aggregate value of the thefts does not exceed $1,000 that the defendant may receive the benefit of § 641's lenity provision and be sentenced under a misdemeanor penalty scheme.

Lagrone argues that the Government's interpretation of § 641 raises significant double-jeopardy issues such that the canon of constitutional avoidance[25] compels us to reject the Government's interpretation. She argues that under the Supreme Court's decision in *Apprendi v. New Jersey*,[26] any fact that increases her statutory maximum sentence constitutes an element of the offense.[27] While *Apprendi* addressed the issue as it related to the Sixth

---

[23] 18 U.S.C. § 641.

[24] *Id.*

[25] *See Jones v. United States*, 529 U.S. 848, 857 (2000) ("[W]here a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter." (quoting *United States ex rel. Attorney Gen. v. Del. & Hudson Co.*, 213 U.S. 366, 408 (1909)) (internal quotation marks omitted)).

[26] 530 U.S. 466 (2000).

[27] *See id.* at 490 ("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

No. 13-10049

Amendment's guarantee of a jury trial, a plurality of the Supreme Court has indicated that the elements constituting an offense for Sixth Amendment purposes may also serve as the elements for the purposes of the Fifth Amendment's double-jeopardy prohibition.[28]   Lagrone asserts that because proof of the theft offense in the second count, specifically the amount involved, was essential to subject her to a felony penalty on the first count, the offense in the second count is a lesser included offense of the offense in the first count. She contends that she is therefore receiving an impermissible cumulative punishment on the second offense.

Assuming *arguendo* that the second count is a lesser included offense of the first count, this argument nonetheless fails.  In *Missouri v. Hunter*,[29] the Supreme Court held that "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."[30]   However, it is clear from the language of § 641 that Congress intended that the first theft could be punished as a felony even when the $1,000 threshold is met only by aggregation with a second theft.  Therefore, Lagrone's second felony conviction does not raise significant double-jeopardy concerns.

\*       \*       \*

For the foregoing reasons, the sentence of the district court is AFFIRMED.

---

[28] *See Sattazahn v. Pennsylvania*, 537 U.S. 101, 111 (2003) (Scalia, J.) (plurality opinion) ("We can think of no principled reason to distinguish, in this context, between what constitutes an offense for purposes of the Sixth Amendment's jury-trial guarantee and . . . the Fifth Amendment's Double Jeopardy Clause.").

[29] 459 U.S. 359 (1996).

[30] *Id.* at 366.