William PACKNETT, Jr., Petitioner-Appellant,

v.

UNITED STATES GOVERNMENT, Respondent-Appellee.

No. 74–1889

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 13, 1974.

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al. (5th Cir. 1970), 431 F.2d 409, Part I.

William Packnett, Jr., pro se.

Dennis C. Weber, Mary Williams Cazalas, Asst. U. S. Attys., New Orleans, La., for respondent-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

After a jury found appellant guilty of possessing articles from baggage that had been stolen from a common carrier in interstate commerce, a violation of 18 U.S.C. § 659, the trial court imposed sentence under the Youth Corrections Act, 18 U.S.C. §§ 5010(b), 5017(c). Al-

though appellant did not appeal his conviction directly,[1] the instant case marks his second application for relief under 28 U.S.C. § 2255. We affirmed the denial of his first motion to vacate judgment. 435 F.2d 693 (5th Cir. 1970). We find this second application equally unavailing.

■ Four contentions are raised in appellant's pro se petition. The first is that the failure of the indictment to ascribe a value to the stolen articles in appellant's possession precludes his conviction under section 659. The statutory definition of the offense makes all possession unlawful, but provides for a maximum sentence of one year and a 1000 dollar fine in the event the articles do not exceed 100 dollars in value. The articles involved here, a credit card and a Social Security card, have negligible intrinsic worth but substantial derivative value if used fraudulently. The prosecution apparently made no effort to prove a value for the cards, and the jury received no instruction on the need to find a value. The verdict returned read only "guilty on the second count."[2]

"[W]here the grade of larceny, and consequently, the punishment, depend on the value of the property, it is essential that the value of the property defendant is charged with having taken be alleged and proved." Cartwright v. United States, 146 F.2d 133, 135 (5th Cir. 1944). Thus, had appellant been sentenced under the felony penalty provision of the statute, which does make value an element of the offense, the failure to allege and prove a value in excess of 100 dollars would require resentencing pursuant to the misdemeanor penalty. See Theriault v. United States, 434 F.2d

---

1. Appellant prefaced his pleadings below with an allegation that he had never been advised by his appointed counsel or the trial court of the right to appeal his conviction. The district court discerned a violation of Fed. R.Crim.P. 32(a)(2) and granted an out-of-time appeal without reaching the other allegations. Appellant, proceeding pro se, was unsatisfied with this disposition and moved the court to set aside the order and rule on

the merits of his section 2255 motion. The court, after a hearing, complied, and denied post-conviction relief. The Rule 32 claim is not reasserted here and we consider it to have been abandoned.

2. Count 2 was otherwise an accurate and complete statement of the elements of the offense.

212 (5th Cir. 1970); Robinson v. United States, 333 F.2d 323 (8th Cir. 1964).

However, where the only element of the crime is the theft or possession of stolen property, the fact that the value of that taken is neither alleged nor proved is immaterial. The verdict of guilty under the indictment as written and the proof as made, while insufficient to support conviction for a felony, indicates that the jury determined appellant to be guilty of the lesser crime provided for by section 659, i. e., the possession of stolen articles not exceeding 100 dollars in value. *See* Larson v. United States, 296 F.2d 80 (10th Cir. 1961), *quoted in* Theriault v. United States, 434 F.2d 212 (5th Cir. 1970). The verity of appellant's conviction of such possession would not be disturbed by the failure of proof of value.

Appellant was sentenced under the Youth Corrections Act. Neither the applicability of that Act nor the exercise of the court's discretion in sentencing under its provisions is affected by whether the conviction was for the felony of taking articles of a value in excess of 100 dollars or the misdemeanor of taking property of any worth. Therefore, the sentence imposed was not inconsistent with the verdict of guilt of the lesser crime and the lack of an ascription of value in the indictment and proof of value at trial has no relevance.

■ Appellant next contends that his appointed attorney rendered him ineffective assistance. Specifically, he asserts the failure to advise appellant of his right to appeal, counsel's "admission of incompetence" during his closing argument, and the fact that the appointment of counsel was made only two days before trial to support this claim. Whatever merit there may have been to the claim of failure to advise of the right to appeal was waived by appellant's refusal of the district court's offer of an out-of-time appeal, *see n.* 1, *supra*. Appellant has done no more than assert that his counsel said during argument that his client's incriminating statement limited his ability to defend him. Accepting petitioner's recollections as completely accurate, the comment does not admit or demonstrate incompetence or ineffectiveness. The record shows that the appointed attorney spent twelve hours in preparation of appellant's defense. This more than adequately supports the district court's conclusion that appellant received effective assistance.

■ Appellant further alleges that a prior Louisiana prosecution "for the same offense" rendered the federal conviction violative of both the statutory prohibition against federal duplication of state charges in section 659 and the Double Jeopardy Clause of the Fifth Amendment. However, examination of the state information reveals that it charged appellant with the fraudulent use of a stolen credit card and not possession of stolen property as alleged in the federal indictment. The court below properly ruled that this presented no double jeopardy problem.

■ Finally, appellant urges that the federal government failed to prosecute in good faith. He supports this with allegations that the United States Marshal improperly refused to execute a recognizance bond order and that false statements were made in a complaint used to obtain a warrant for his arrest. The docket entry noting the return of the bond indicates that appellant refused to sign the bond form because of detainers then pending against him on state charges, and an examination of the complaint fails to disclose the misstatements appellant claims are there.[3]

Affirmed.

3. Appellant also claims that the United States Attorney has "affixed" his records to show that appellant was convicted of a felony. Although the original judgment and commitment order erroneously indicated that he had been convicted of possession of *bag-gage* stolen from a common carrier, the trial judge upon realization of the error corrected the misstatement. As corrected, the commitment order accurately states the offense for which appellant was convicted and the nature of the penalty imposed.