**UNITED STATES of America**

v.

**COOPER, Richard John, Appellant.**

**No. 77–1208.**

United States Court of Appeals,
Third Circuit.

Submitted Oct. 6, 1977.

Decided Nov. 29, 1977.

Harvey S. Swickle, Swickle & Katz, P. A., Miami Beach, Fla., for appellant.

David W. Marston, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., William C. Fields, III, Philadelphia, Pa., for appellee.

Before GIBBONS and WEIS, Circuit Judges, and STEEL,* District Judge.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

In a non-jury trial held on stipulated facts, Richard John Cooper and two others were found guilty of conspiracy to possess, with intent to distribute, marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1] Cooper contends that the stipulated facts do not support the conclusion that he was a member of an unlawful conspiracy. The district court made a general finding of guilty, and neither the government nor Cooper requested that the facts be found specially. *See* Fed.R.Crim.P. 23(c). Our task is to review the evidence in the light most favorable to the government in order to determine if the factfinder could find beyond a reasonable doubt that Cooper conspired with his two co-defendants to possess

marijuana with intent to distribute it. The existence of a conspiracy between the other two is not disputed by Cooper.

The government, relying on statements in some recent Third Circuit decisions, suggests that it need only prove membership in a conspiracy by "slight evidence."[2] Those cases do refer to "slight evidence," but they cannot be understood to establish the novel rule that the prosecution in a conspiracy case is relieved of the burden of proving every element of the offense beyond a reasonable doubt. Clearly, it would be reversible error to charge a jury that, once the government has shown the existence of a conspiracy, it may connect a particular defendant to it by "slight evidence," rather than by evidence proving the connection beyond a reasonable doubt. *United States v. Partin,* 552 F.2d 621, 628 (5th Cir. 1977), *cert. denied,* —— U.S. ——, 98 S.Ct. 298, 54 L.Ed.2d 189 (1977). In a case tried without a jury the government's burden of persuasion is no less.

The reference to "slight evidence" in the cases cited in note 2 is no more than a shorthand expression of the rule that, after a guilty verdict by a jury or a finding of guilt by a trial court, an appellate tribunal may not substitute its inferences from the evidence for those drawn by the factfinder, if there was sufficient evidence to submit to the factfinder in the first place. *See Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Hopkins,* 518 F.2d 152, 156 (3d Cir. 1975). As we observed in *United States v. Kates,* 508 F.2d 308, 310–11 (1975), to convict a defendant of participating in a conspiracy, there must be *some* evidence tending to prove that he entered into an agreement and that he knew the agreement had the specific unlawful purpose charged in the indictment. As we declared in *United States v. Allard:*

---

* Sitting by designation.

1. The conviction of co-defendant Thomas J. Meador was affirmed by another panel of this Circuit. *United States v. Meador,* 559 F.2d 1209 (3d Cir. 1977) (judgment order). The appeal by co-defendant John Brett Allen is disposed of in an opinion of this panel, filed simul-

taneously with this opinion. *United States v. Allen,* 566 F.2d 1193 (3d Cir. 1977).

2. *United States v. Kates,* 508 F.2d 308, 310 (3d Cir. 1975); *United States v. DeCavalcante,* 440 F.2d 1264, 1273 (3d Cir. 1971); *United States v. Cohen,* 197 F.2d 26, 29 (3d Cir. 1952).

The question is whether all the pieces of evidence against the defendant, taken together, make a strong enough case to let a jury find him guilty beyond a reasonable doubt.

. . . . .

. . . The evidence does not need to be, inconsistent with every conclusion save that of guilt if it does establish a case from which the jury can find the defendant guilty beyond a reasonable doubt.

240 F.2d 840, 841 (3d Cir. 1957).

■ The case now before us involves a shipment of 1100 lbs. of marijuana from Boulder, Colorado, to Pottsville, Pennsylvania. For purposes of this appeal we take it as established that there was a conspiracy between Cooper's co-defendants, Thomas J. Meador and John Brett Allen. These two conspired to have the marijuana loaded in a Ryder truck rented by Meador and to have the truck driven from Boulder to Pottsville. The case against Cooper consisted of the following evidence:

1. In the week before the departure of the Ryder truck from Colorado three phone calls were placed from a telephone at Allen's residence to a telephone at Cooper's residence. (There is no evidence concerning the identity of the participants or the subject matter of the conversations.)

2. A search of the Ryder truck after its seizure in Pottsville produced a Colorado motel receipt dated December 16, 1975, bearing Cooper's name and the registration number of the truck.

3. On December 18, 1975, Cooper and Meador checked into the Dusselfink Motel in Pottsville, Pennsylvania. The registration number of the Ryder truck was listed on the registration form. Both Meador and Cooper were assigned to Room 242.

4. Two telephone calls were made from Room 242. One was to the telephone in Cooper's home. The other was to an answering service listed to Allen; the message was that Allen should call Jeff Stewart at 385–2407, the Dusselfink Motel number, Room 242. (There is no evidence that Cooper made either call. There is no evidence concerning the subject matter of the call to Cooper's home. There is no evidence that Cooper ever identified himself as Jeff Stewart.)

5. While Cooper and Meador were registered at the Dusselfink Motel, the manager saw an unidentified person leave the motel restaurant parking lot, get in the Ryder truck, and drive off.

6. Some time after the truck was seized elsewhere, Meador and Cooper were arrested in Room 242.

7. The arresting officers found, atop a bureau in the room, a page torn from a telephone directory with a telephone number written on it. The number belonged to the Stapleton Plaza Hotel in Denver, Colorado, where Allen had stayed several days earlier. (There is no evidence about who wrote the number on the torn page. There is no evidence that Cooper called the Stapleton Plaza Hotel.)

8. The search of the Ryder truck revealed that the marijuana was stored in the padlocked rear compartment. The key to the padlock was found in Allen's jacket pocket when he was arrested in Pottsville. (There is no evidence that Cooper ever had access to the key or the compartment.)

The evidence against Cooper, in addition to proving the facts enumerated, is sufficient to support inferences that he rode in the Ryder truck with Meador from Colorado to Pennsylvania and that he shared with Meador a motel room in Colorado. But there is no evidence that he knew what was in the padlocked rear compartment and no evidence that illegal plans were discussed during telephone calls to his home telephone. The fact that he rode in the truck and shared rooms with Meador is consistent with a purpose of obtaining inexpensive transportation by sharing driving and expenses. In the absence of *some* evidence that he knew of the contents of the locked compartment or *some* evidence that he engaged in telephone or other communication of a conspiratorial nature, no factfinder

 

could find beyond a reasonable doubt that Cooper was a member of the Allen-Meador conspiracy.[3] The available evidence is perfectly consistent with innocence. There is no evidence suggesting guilty knowledge or participation. One may not be convicted of conspiracy solely for keeping bad company. The trial court should have entered a judgment of acquittal for Cooper on the conspiracy charge.

The judgment appealed from will be reversed.

---

**3.** We need not answer the question whether the evidence against Cooper was sufficient to permit the admission against him of statements by an alleged co-conspirator linking him to the conspiracy. Neither Allen nor Meador made such statements.