**UNITED STATES of America**

v.

**Sylvester SCANZELLO, Appellant.**

**No. 86–1672.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Aug. 17, 1987.

Decided Oct. 19, 1987.

Rehearing and Rehearing En Banc Denied Dec. 14, 1987.

Robert B. Mozenter, Jane R. Goldberg, Mozenter, Molloy & Durst, Philadelphia, Pa., for appellant.

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Ronald A. Sarachan, Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before GIBBONS, Chief Judge,
WEIS and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Appellant Sylvester Scanzello, one of six defendants named in a ten-count indictment arising from a scheme to steal goods from interstate shipments in violation of 18 U.S.C. § 659, was charged with and convicted by a jury of one count of conspiracy in violation of 18 U.S.C. § 371. He was sentenced to five years' imprisonment, suspended to six months with fifty-four months' probation, and ordered to pay $2,000 restitution. On appeal, Scanzello challenges the sufficiency of the evidence to support his conviction and the sufficiency of the indictment to support his sentence.[1]

## I.

### Facts

As part of the conspiracy, several of Scanzello's co-defendants stole merchandise from interstate shipments originating at the Sears Catalog Merchandise Distribution Center in Philadelphia (the Catalog Plant). Co-defendant Thomas J. Murphy operated a trailer truck for Signal Delivery Service, Inc. which, under a contractual agreement with Sears, loaded and transported merchandise that Sears shipped from the Catalog Plant to its retail outlets. At the Catalog Plant, merchandise destined for outlets which were not on Murphy's route was diverted onto Murphy's trailer.

1. Scanzello also incorporates all of the issues raised by his co-defendant Wayne Hirschbuhl. We have previously rejected all of Hirschbuhl's contentions and affirmed his convictions. *United-* *ed States v. Hirschbuhl,* 829 F.2d 33 (3d Cir. 1987) (unreported). Accordingly, we do not discuss those issues here.

Murphy then deviated from his designated route to unload the stolen merchandise at co-defendant Wayne Hirschbuhl's residence. Hirschbuhl delivered the stolen goods in his van to a garage on Palmetto Street in Philadelphia owned by co-defendant Laurence V. Wood. Wood and co-defendant Samuel Young sold the merchandise from the Palmetto Street garage for one-half of the catalog price. Scanzello assisted in the garage on at least two occasions, and selected and carried away stolen Sears merchandise on at least one occasion.

## II.

### Conspiracy

Scanzello argues that the evidence presented by the government during the trial was insufficient to sustain his conspiracy conviction because it established, at most, that he was a purchaser of stolen goods and failed to establish that he knowingly acted in furtherance of the illegal objectives of an ongoing conspiracy. Our review of the record leads us to conclude that the government has introduced evidence sufficient to establish each of the necessary elements of an independent conspiracy charge against Scanzello.

■ When evaluating the sufficiency of the trial evidence, we must determine "whether there is substantial evidence, when viewed in the light most favorable to the government, to uphold the jury's verdict." *United States v. Kapp*, 781 F.2d 1008, 1010 (3d Cir.), *cert. denied*, — U.S. ——, 107 S.Ct. 87, 93 L.Ed.2d 40 (1986). "The *agreement* to commit an unlawful act is itself the act proscribed by the crime of conspiracy." *United States v. Inadi*, 748 F.2d 812, 817 (3d Cir.1984), *rev'd on other grounds*, 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986). It is not necessary to prove a formal agreement among the conspirators. All the elements of the conspiracy, including the agreement, can be proven entirely through circumstantial evidence. *Kapp*, 781 F.2d at 1010. However, there must be evidence tending to prove that defendant entered into an agreement and knew that the agreement had the specific unlawful purpose charged in the in-

dictment. *United States v. Cooper*, 567 F.2d 252, 253 (3d Cir.1977).

■ Vincent Sponziello, a Sears security agent who participated in the F.B.I.'s undercover investigation, testified in detail about the nature of the conspiracy and the efforts of the participants to prevent detection. He testified that: (1) the merchandise at the Palmetto Street garage was sold for half price; (2) the transactions were on a cash only basis; (3) no receipts were given for the merchandise; (4) no sales tax was charged when merchandise was purchased; and (5) the garage contained no markings identifying it as a Sears facility. App. at 136–37, 147–49, 222–25. The garage door was always kept closed; Sponziello had to crawl under a 30–inch opening made by Wood to get inside the warehouse. App. at 130. Vehicles were parked directly in front of the garage to prevent observation of the activities conducted therein. App. at 130, 173–74. The jury could have concluded that there were no innocent purchasers who happened in.

Sponziello testified that he saw Scanzello at the Palmetto Street garage on two occasions when it was packed with cartons of new Sears merchandise bearing shipping labels to locations throughout a multi-state region. App. at 124, 138. Sponziello observed Scanzello select and stack a pile of stolen merchandise in the area of the garage where goods to be purchased were placed and then load two Sears microwave ovens into his Jeep Cherokee. App. at 131–32, 483–85. On other occasions, several of the co-conspirators told undercover F.B.I. Agent Smith or Sponziello that certain merchandise was reserved for or had already been sold to Scanzello. App. at 229–30, 254–55.

Scanzello's participation was not limited to that of a purchaser, as he contends. Both Sponziello and Smith testified that they saw Scanzello unpacking and pricing new merchandise in the garage. App. at 131, 166–72; Supp.App. at 77a–81a. Sponziello also testified that Scanzello transported items for a co-defendant whose vehicle was full, App. at 229, 239–45; that

Scanzello attempted to increase the price of exercise bikes that Sponziello wished to purchase, App. at 170–73; and that Scanzello assisted in concealing the operation by parking his jeep directly in front of the garage door. App. at 129, 163. Further, the government introduced a tape-recorded conversation between Wood and Scanzello during which Scanzello directed Agent Smith to park his car closer to the garage door so no one could see what was going on while merchandise was loaded into Smith's vehicle. App. at 1799; Supp.App. at 80a–85a. The jury was entitled to take into account not only that Scanzello denied to the F.B.I. ever being at the Palmetto Street garage or receiving any Sears property from that garage, App. at 1306–10, but also that Scanzello, who had been involved in an investigation regarding the theft of Sears property when he was a Philadelphia police detective, knew that it was difficult for Sears to trace its stolen property. App. at 1320.

Although Scanzello challenges the credibility of the government's witnesses, all reasonable inferences must be drawn and all credibility issues resolved in the government's favor. *United States v. Jannotti*, 673 F.2d 578, 598 (3d Cir.) (in banc), *cert. denied*, 457 U.S. 1106, 102 S.Ct. 2906, 73 L.Ed.2d 1315 (1982). The testimony adduced by the government examined in the light most favorable to it could lead a jury reasonably to conclude that the goods were stolen, that the conspirators went to great lengths to conceal their activities, and that Scanzello, who was present at the warehouse on more than one occasion, had knowledge of the illegal scheme. There is ample evidence to establish that Scanzello willfully entered into the conspiracy, made it his own, and performed acts in furtherance thereof. There is thus no basis to overturn Scanzello's conviction.

## III.

### *Sentence*

Scanzello argues that even if his conviction for conspiracy is sustained, the district court erroneously sentenced him because it applied the felony rather than the misdemeanor provision of 18 U.S.C. § 371, the general conspiracy statute. The conspiracy statute looks to and incorporates the grade of the underlying offense. It states: "If ... the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor." 18 U.S.C. § 371 (1966).[2] Because Scanzello was charged with a conspiracy to steal goods from interstate commerce, we must look to that underlying statute to determine whether he was charged with a misdemeanor or a felony.[3] That statute, 18 U.S.C. § 659, prescribes a felony punishment only if the value of goods stolen is in excess of $100.[4]

---

**2.** The full statute provides:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.
>
> If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.
> 18 U.S.C. § 371 (1966).

**3.** Federal law defines a felony as "any offense punishable by death or imprisonment for a term exceeding one year," and a misdemeanor as "any other offense" in which the penalty is imprisonment for greater than six months or a

fine of more than $5,000 for an individual. 18 U.S.C. § 1 (1969 & Supp.1987).

**4.** The statute provides, in relevant part:

> Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any pipeline system, railroad car, wagon, motortruck, or other vehicle, or from any tank or storage facility, station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight, express, or other property—
>
> . . . . .
>
> Shall in each case be fined not more than $5,000 or imprisoned not more than ten years,

Scanzello concedes that there was evidence from which the jury could have found that an object of the conspiracy was to steal merchandise in excess of $100 in value, and that the merchandise stolen in fact had such a value. Counts 2 through 10 of the indictment charged one or more of Scanzello's co-defendants with substantive violations of 18 U.S.C. § 659 and expressly alleged that the merchandise referred to in each such count had a value in excess of $100. In contrast, the conspiracy count of the indictment does not refer in the charging portion to the value of the goods stolen, and the district court did not charge the jury to find as a necessary element of the conviction on the conspiracy that the value of stolen goods was in excess of $100.

■ We have previously recognized that "[c]onspiracy indictments need not allege all of the elements of the offense which the defendants are accused of conspiring to commit." *United States v. Wander*, 601 F.2d 1251, 1259 (3d Cir.1979); *see also Wong Tai v. United States*, 273 U.S. 77, 81, 47 S.Ct. 300, 301–02, 71 L.Ed. 545 (1927); *United States v. Knox Coal Co.*, 347 F.2d 33, 38 (3d Cir.), *cert. denied*, 382 U.S. 904, 86 S.Ct. 239, 15 L.Ed.2d 157 (1965). A conspiracy indictment, like any other indictment, is "sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Bailey*, 444 U.S. 394, 414, 100 S.Ct. 624, 636–37, 62 L.Ed.2d 575 (1980) (quoting *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974)); *see also United States v. Sebetich*, 776 F.2d 412, 426 (3d Cir.1985).

The government argues that this case is similar to *United States v. Graves*, 669 F.2d 964 (5th Cir.1982), where the court held that an indictment charging a conspiracy to violate the Dyer Act was sufficient

even though it "omitted the fact that the [stolen] trucks had a value of at least $5,000, a necessary element of a Dyer Act violation." *Id.* at 967. The government argues that here, as in *Graves*, the indictment "alleged all the elements of conspiracy, ... fairly informed [Scanzello] of the charge against [him] and ... enable[d Scanzello] to plead double jeopardy if prosecuted again for the same offense." Appellee's Brief at 26–27.

*Graves* is inapposite. The issue presented there was the sufficiency of the indictment to support a conviction. Here, Scanzello challenges his sentence. Pursuant to the conspiracy statute under which Scanzello was convicted, the status of the underlying offense as a felony must be established before a defendant may be sentenced for a felony conspiracy. Scanzello argues, therefore, that before he could have been sentenced for a felony under 18 U.S.C. § 371, the jury must have found him guilty of a conspiracy that involved goods with a value in excess of $100 in violation of 18 U.S.C. § 659.

In several recent cases, we have distinguished between statutes establishing an enhanced offense, which must be charged to the jury, and statutes establishing an enhanced penalty, which may be considered by the district court in sentencing. *See United States v. Hawkins*, 811 F.2d 210 (3d Cir.1987) (Armed Career Criminal Act is enhanced penalty statute); *United States v. Gibbs*, 813 F.2d 596 (3d Cir.1987) (21 U.S.C. § 841(b)(6), which provides a more severe sentence for possession of marijuana with intent to distribute when quantity is in excess of 1,000 pounds, is enhanced penalty statute).

In contrast, this court and others have consistently held that the value of the goods stolen is a necessary element for conviction of a felony under 18 U.S.C. § 659. In *Packnett v. United States Government*, 503 F.2d 949 (5th Cir.1974), the court stated that "had appellant been sentenced under the felony penalty provi-

---

or both; but if the amount or value of such money, baggage, goods or chattels does not exceed $100, he shall be fined not more than

$1,000 or imprisoned not more than one year, or both.

18 U.S.C. § 659 (1976).

sion of [18 U.S.C. § 659], which does make value an element of the offense, the failure to allege and prove a value in excess of 100 dollars would require resentencing pursuant to the misdemeanor statute." *Id.* at 950. No resentencing was required in *Packnett* only because defendant had been sentenced pursuant to the Youth Corrections Act so that the lack of an ascription of value in the indictment and proof of value at trial was irrelevant.

This court has also interpreted 18 U.S.C. § 659 as permitting felony punishment only when the requisite value has been charged. In *United States v. Marpes,* 198 F.2d 186, 189 (3d Cir.), *cert. denied,* 344 U.S. 876, 73 S.Ct. 170, 97 L.Ed. 678 (1952), we noted that because the indictment under 18 U.S.C. § 659 did not allege value, the defendant's sentence was necessarily limited to one year imprisonment. *See also Robinson v. United States,* 333 F.2d 323, 326 (8th Cir.1964).

Other cases have reached the same conclusion under the comparable provision of 18 U.S.C. § 641, which makes the penalty for embezzlement dependent upon the value of the property involved. *See, e.g., United States v. Lancer,* 508 F.2d 719, 725 (3d Cir.), *cert. denied,* 421 U.S. 989, 95 S.Ct. 1992, 44 L.Ed.2d 478 (1975); *Theriault v. United States,* 434 F.2d 212, 214 (5th Cir.1970), *cert. denied,* 404 U.S. 869, 92 S.Ct. 124, 30 L.Ed.2d 113 (1971); *cf. Cartwright v. United States,* 146 F.2d 133, 135 (5th Cir.1944) ("It is ... well settled that where the grade of larceny, and consequently the punishment, depend on the value of the property, it is essential that the value of the property defendant is charged with having taken be alleged and proved.")

 It follows that the value of the goods is a necessary element for conviction of a felony under 18 U.S.C. § 371. A jury verdict on an indictment charging a conspiracy to violate 18 U.S.C. § 659 which did not include an allegation of value must be construed as a conviction of a misdemeanor, and the court can sentence defendant only in accord with that conviction.

The government argues that the allegation of value can be gleaned either from the overt acts appended to the charging portion of the conspiracy count or from the substantive counts of the indictment. This argument fails. We have previously held that "[u]nless the charging part of a conspiracy count specifically refers to or incorporates by reference allegations which appear under the heading of overt acts, resort to those allegations may not be had to supply the insufficiency in the charging language itself." *Wander,* 601 F.2d at 1259 (quoting *Knox,* 347 F.2d at 38).

Reference to the substantive counts of the indictment is also unavailing in this case. Scanzello was convicted solely for conspiracy, unlike his co-defendants Wood and Hirschbuhl who were convicted of both conspiracy and one or more of the substantive counts.

In light of the government's failure to have pleaded an allegation of value in the conspiracy count of the indictment, we conclude that Scanzello is entitled to the apparently undeserved benefit of a reduced sentence. We therefore must remand this case so that the district court may resentence Scanzello on the only conspiracy for which he was convicted, a conspiracy to commit a misdemeanor.

## IV.

### *Conclusion*

For the reasons set forth above, we will affirm Scanzello's conviction. However, we will vacate Scanzello's sentence and remand to the district court for resentencing under the misdemeanor provision of 18 U.S.C. § 371.