**Commonwealth v. Crowther**

*John T. Robinson, district attorney,* for the Commonwealth.
*Hugh A. Benson Jr.,* for defendant.

WOELFEL, *J.,* November 4, 1991—Before the court are defendant's post-trial motion for a new trial and in arrest of judgment and motion to mold verdict. After a trial by jury the defendant was convicted of the following offenses: possession of drug paraphernalia, 35 P.S. §780-113(a)(32); and criminal conspiracy, 18 Pa.C.S. §903(a)(1). In support of her post-trial motions, defendant contends that this court erred in failing to suppress the evidence used against the defendant that was seized incident to the arrest of co-defendant Gene Herrold; that the verdict was contrary to the evidence; that the verdict was contrary to the weight of the evidence; and that the guilty verdict on the charge of criminal conspiracy is unclear.

Defendant asserts that the physical evidence seized from her purse and in the bedroom of the trailer which she shared with co-defendant Herrold should have been suppressed because the various items of physical evidence, drug paraphernalia, had been seized during the allegedly unlawful arrest of Gene Herrold. The court has previously examined this issue at length in its opin-

ion of October 16, 1991, denying the post-trial motions of Gene Herrold. As we determined in our disposition of Herrold's motion in arrest of judgment, it is this court's opinion that the physical evidence in question would fall under the purview of the "inevitable discovery" rule, as articulated in *Nix v. Williams,* 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). See *Commonwealth v. Ariando,* 397 Pa. Super. 364, 580 A.2d 341 (1990). The court incorporates herein by reference its opinion of October 16, 1991, denying the post-trial motion of Gene Herrold. (Commonwealth v. Herrold, No. 19 D & N 1990.) Accordingly, we find that our denial of defendant's suppression motion to be proper.

Defendant also contends that the evidence adduced at trial is insufficient to support a guilty verdict to the charge of criminal conspiracy and that the verdict is against the weight of the evidence as well. Defendant argues that sufficient evidence does not exist for the jury to have found beyond a reasonable doubt the existence of an agreement to commit a crime.

When faced with a claim that the evidence is insufficient to support a conviction, a court must determine whether all the elements of the crime have been proven beyond a reasonable doubt, viewing the record in the light most favorable to the prosecution as the verdict winner. *Commonwealth v. Glover,* 399 Pa. Super. 610, 582 A.2d 1111 (1990). A conspiracy is an agreement to commit an unlawful act, the agreement can be proven by the relation, conduct, or circumstances of the parties. *Commonwealth v. Jackson,* 506 Pa. 469, 473, 485 A.2d 1102, 1104 (1984). Defendant Crowther had been the paramour of defendant Herrold, and resided with him in his mobile home. Evidence relevant to a drug trafficking operation—namely, scales, razors, seals and cut-

ting substances—were found in the bedroom shared by defendant and co-defendant Herrold, the bedroom where the defendant was found by the police at the time of her arrest, and/or in Crowther's purse. The testimony of the confidential informant was that the location of the controlled drug buy between the confidential informant and Herrold immediately prior to the arrest of Crowther and Herrold was finalized as a result of a telephone conversation between the confidential informant and Crowther. Viewing this record in a light most favorable to the Commonwealth, we find the evidence sufficient to support the conspiracy conviction.

Defendant claims as well that the conspiracy conviction is against the weight of the evidence. A new trial is only warranted if the verdict is so contrary to the evidence as to shock the court's sense of justice. *Commonwealth v. Hunter,* 381 Pa. Super. 606, 616, 554 A.2d 550, 555 (1989). In light of the record recited above, the court is not shocked by the verdict.

Finally, we address defendant's claim that she is entitled to a molded verdict or, in the alternative, a new trial, because the conspiracy verdict is unclear as to the underlying charge. The verdict form indicated defendant was guilty of criminal conspiracy, but did not state the underlying crime. Defendant also argues that she is prejudiced because the criminal information erroneously indicated that the criminal conspiracy charge constituted a misdemeanor of the first degree, but that the Commonwealth has taken the position that the crime underlying the conspiracy offense is possession of cocaine with intent to deliver, 35 P.S. §780-113(a)(30)—an ungraded felony. Defendant claims that insofar as the information referred to a misdemeanor, she may not

have focused on the defense of what she perceived as a lesser charge.

Initially, we note that the comment to Pa.R.Crim.P. 306 states that the omnibus pretrial motion shall include motions to quash any indictment or information. A claim that the information or indictment charges the defendant with the wrong crime must be made by written pretrial motion. Also Rule 306 requires that all grounds for claiming indictments or informations defective must be stated in an application to quash, and if not so stated must be deemed waived. *Commonwealth v. Gemelli,* 326 Pa. Super. 388, 474 A.2d 294 (1984). Insofar as defendant did not challenge Count 4 pre-trial, she is precluded from challenging the information at this time.

However, there remains one issue that remains to be addressed, that issue being whether the defendant's conviction of criminal conspiracy should be graded as that of a felony or of a misdemeanor. 18 Pa.C.S. §905(a) provides as follows:

"(a) *Grading*—except as otherwise provided in this section, attempt, solicitation and conspiracy of crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy. An attempt, solicitation or conspiracy to commit murder or a felony of the first degree is a felony of the second degree."

The information filed against the defendant charges her with the commission of an ungraded felony and two ungraded misdemeanors. The defendant was acquitted of the felony count and one of the two misdemeanor courts. Both misdemeanor counts carry maximum periods of incarceration of 12 months. However, the maximum fine is $5,000 for the possession of a

controlled substance, where it is only $2,500 for the possession of paraphernalia. 35 P.S. §780-13(b)(i). Thus, the defendant was convicted of the least serious of the three offenses which formed the underlying criminal conspiracy.

It is improper to draw specific conclusions from a general verdict. *Commonwealth v. Anderson*, 379 Pa. Super. 589, 550 A.2d 807 (1988). Yet the Commonwealth, in its brief in opposition to the defendant's motions, asked this court to do precisely that when it argues that this court must sentence a defendant as if the jury had made a specific finding that the defendant had participated in a criminal conspiracy relating to the possession of cocaine with the intent to deliver. The Commonwealth misstates the law when it asserts that 18 Pa.C.S. §905(a) "states that the gravity of a charge of criminal conspiracy other than a conspiracy to commit a felony of the first degree, is the same as the most serious substantive offense charged (18 Pa.C.S. §905) as the goal of the conspiracy." (Page 4 of brief of the Commonwealth). As noted above, the conspiracy is the same grade and degree "as the most serious offense which is attempted or solicited or is an object of the conspiracy," and not of the most serious offense charged. This court erred when it provided the jury with a general verdict regarding the charge of criminal conspiracy, as opposed to a more specific verdict slip.

However, the defendant was acquitted of the two more serious substantive charges, and was convicted on an ungraded misdemeanor, which carried the lowest sanctions of any of the substantive offenses with which she was charged. If the criminal conspiracy verdict is construed as the jury having found the defendant

guilty of participating in a conspiracy to commit the least serious offense with which she was charged, the only substantive offense of which she was convicted, the defendant is not prejudiced. While this court could find no case directly on point, the logic of the 3rd Circuit Court of Appeals in *United States v. Scanzello,* 832 F.2d 18 (1987), appeals to this court. In that case the U.S. attorney failed to allege in the information certain information required to find the defendant guilty of conspiracy to commit a felony. The government argued that the necessary information could "be gleaned either from the overt acts appended to the charging portion of the conspiracy count or from the substantive accounts of the indictment." *Scanzello,* 832 F.2d at 23. The court held that given the "government's failure to have pleaded an allegation of value in the conspiracy count of the indictment, we conclude that *Scanzello* is entitled to the apparently undeserved benefit of a reduced sentence." *Scanzello,* 832 F.2d at 23. Neither the Commonwealth nor the defendant asked for clarification of the verdict rendered by the jury, nor did they ask for a specific verdict slip as to the criminal conspiracy count, as opposed to the general verdict slip that was submitted to the jury after counsel's review and lack of objection. The Commonwealth can not now be heard to argue that the criminal conspiracy conviction must be graded for the most serious offense with which the defendant was charged, but of which she was acquitted, as opposed to the least serious offense, which she was convicted of. For those reasons the defendant's conviction of criminal conspiracy shall be graded at the same level as the offense of possession of drug paraphernalia, 35 P.S. §780-113(a)(32).

An order consistent with this opinion will be entered.

## ORDER

And now, November 4, 1991, the defendant's motion for a new trial and in arrest of judgment is hereby denied.

The defendant's motion to mold verdict is granted to the extent that the defendant's conviction of violating the provisions of 18 Pa.C.S. §903(a)(1), criminal conspiracy shall be graded pursuant to the provisions of 18 Pa.C.S. §905(a) as a misdemeanor as provided in 35 P.S. §780-113(a)(32).

The Snyder County Adult Probation Office is directed to prepare a pre-sentence investigation regarding the defendant. The defendant shall be sentenced on December 3, 1991, at 8:30 a.m. in the courtroom of the Snyder County Courthouse, Middleburg, Snyder County, Pennsylvania.