955 F.2d 42
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
KENNETH K. MITCHELL, Defendant-Appellant.
 No. 91-5082.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 5, 1991.
Decided Feb. 24, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-91-3-N)
 John O. Venner, Miller & Bennis, P.C., Virginia Beach, Va., for appellant.
 Kenneth E. Melson, United States Attorney, Alan M. Salsbury, Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Kenneth K. Mitchell appeals his jury conviction for conspiracy to possess with intent to distribute "crack" cocaine, 21 U.S.C. § 846 (1988), interstate travel in aid of racketeering, 18 U.S.C. § 1952(a)(3) (1988), and possession with intent to distribute 334 grams of "crack," 21 U.S.C.A. § 841(a)(1) (West Supp.1991). Mitchell contends there was insufficient evidence to support his convictions and that certain testimony was improperly admitted. We disagree and affirm the convictions.
 
 
 2
 We review a claim of insufficient evidence to support a jury conviction under a narrow standard. The question is whether any rational trier of fact, viewing the evidence in the light most favorable to the government, could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 3
 Mitchell essentially argues the evidence was insufficient because the jury relied on an inference he was "keeping bad company." He cites several cases for the proposition a conviction based solely on this inference is insufficient as a matter of law to support a conviction for conspiracy. United States v. Terselich, 885 F.2d 1094 (3d Cir.1989); United States v. Wexler, 838 F.2d 88 (3d Cir.1988); United States v. Cooper, 567 F.2d 252 (3d Cir.1977).
 
 
 4
 Mitchell ignores the fact the jury had other evidence to consider supporting his three convictions aside from any inference of bad friends. The jury weighed and determined for itself the credibility of each side's witnesses. Appellate courts will not disturb a jury's findings on the credibility of witnesses. United States v. Saunders, 886 F.2d 56 (4th Cir.1989).
 
 
 5
 Mitchell also argues the district court erred in admitting a police officer's testimony on grounds of impermissible hearsay and undue prejudice. Both grounds are without merit.
 
 
 6
 The Government offered Corporal McNett's testimony about how other persons had described the Defendant and a co-conspirator's post-arrest comments for the limited purpose of "explaining why a government investigation was undertaken." United States v. Love, 767 F.2d 1052, 1063 (4th Cir.1985), cert. denied, 474 U.S. 1081 (1986). Those statements were not hearsay.
 
 
 7
 Mitchell also challenges Corporal McNett's testimony about New York City's being a source city for drugs and his comments about the nature of "crack" and the drug trade. The admission of this testimony is reviewed for abuse of discretion and will only be overturned if the district court acted arbitrarily or irrationally. See United States v. Masters, 622 F.2d 83, 87-88 (4th Cir.1980).
 
 
 8
 McNett's testimony about a source city is relevant and helps explain the conduct of the investigation. United States v. Love, 767 F.2d at 1063. The testimony about his experience and knowledge as a narcotics investigator is proper under Fed.R.Evid. 702 to establish his foundation as an expert whose testimony will aid the trier of fact.
 
 
 9
 The district court was not irrational or arbitrary in finding the probative value of this evidence outweighed any prejudicial impact. Masters, 622 F.2d at 87-88.
 
 
 10
 We find no error and affirm Mitchell's convictions.
 
 
 11
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.