

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2004

# USA v. Owens

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2637

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Owens" (2004). *2004 Decisions.* Paper 607.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/607

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2637

UNITED STATES OF AMERICA

v.

WALTER J. OWENS

Walter Owens,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
District Judge: The Honorable Garrett E. Brown, Jr.
(D.C. No. 02-cr-00704-01)

Submitted pursuant to Third Circuit LAR 34.1(a)
on January 9, 2004

Before: BARRY and SMITH, *Circuit Judges*,
and POLLAK, *District Judge*[*]

(Filed: June 8, 2004)

[*]The Honorable Louis H. Pollak, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

_____

OPINION OF THE COURT

_____

SMITH, *Circuit Judge.*

On February 14, 2002 at 12:00 pm a radio dispatch was sent to local officers in Trenton, New Jersey that, according to an anonymous tip, a man with a gun was in a grey Honda Accord on Union Street, near Parker School. The officers were subsequently informed that the license plate of the grey Honda Accord was MOY37I. Because it was school lunch recess time, the dispatch was given the highest priority, Code 3. Officers DeHart and Breece responded in their white unmarked car immediately, turning on the vehicle's emergency lights and sirens.

Two or three minutes later, Officers DeHart and Breece came to an intersection in close proximity to the one identified by the anonymous tip and soon spotted a grey Honda with license number MDY37T driving in front of them.[1] Officer Breece noticed two black males inside the vehicle. The Honda accelerated and Officer Breece saw the passenger turn around, view the police vehicle, and begin excitedly gesturing to the driver. The driver then abruptly stopped the vehicle. The passenger, Walter Owens, immediately fled from the vehicle, leaving the passenger door ajar.

Officer Breece, dressed in black clothing with the words "Trenton Police" printed on them in bright yellow, exited the police vehicle, drew his weapon, shouted "Police,"

---

[1] The license plate number of the grey Honda Accord which police officers actually stopped was MDY37T, as opposed to MOY37I.

and ordered Owens to stop. Owens glanced backwards and continued to flee. Officer Breece testified that Owens was slightly bent over, holding something around his waist with his left arm. Officer Breece pursued Owens along an abandoned house, around the back, into a vacant lot, and up an alley. Despite Officer Breece's repeated directives to stop, Owens continued to flee. Upon entering the alley, Owens confronted an eight foot high fence with barbs atop it. Owens jumped up and threw a shiny metal object over the fence, later identified as an Intertech 9 millimeter semi-automatic handgun. Owens then turned around and stated: "I quit . . . I give up." Owens was ordered to the ground and handcuffed.

After he was arrested, Owens was transported to the Trenton Police headquarters for processing. He was given his *Miranda* warnings by Bureau of Alcohol Tobacco and Firearms Special Agent Paul Greenfield, which Owens waived. During his interview with Special Agent Greenfield, Owens admitted that he had possessed the Intertech 9 millimeter handgun.

Owens moved to suppress the handgun, contending it was unlawfully seized. The District Court denied the motion. Owens was tried and found guilty on one count of a felon in possession of a weapon in violation of 18 U.S.C. §§ 922(g)(1), (2).

II.

We review the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise plenary review of the District Court's application of the law to those facts. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir.

2002).  The material facts presented here are identical to those considered by the Supreme

Court in *California v. Hodari D.*, 499 U.S. 621, 622-24 (1991).  In *Hodari*, the defendant

fled from the police, threw a rock of cocaine away, and was tackled by the pursuing

officer a moment later. *Id*. at 623.  The Supreme Court ruled that the cocaine Hodari

threw was not gained as a result of a seizure within the meaning of the Fourth

Amendment, because Hodari was not seized until he was actually tackled by the officer.

*Id*. at 626.  Similarly here, recovery of the gun was not the fruit of an unlawful seizure, as

it was discarded by Owens before he was seized. *United States v. Coggins*, 986 F.2d 651,

653-54 (3d Cir. 1993) ("Under *Hodari*, while . . . a seizure requires a show of authority

objectively sufficient to convince the reasonable person he is not free to leave, it also

requires that the suspect actually submit to the show of authority.").  The District Court's

denial of Owens' suppression motion is therefore affirmed.[2]

III.

Owens also claims that the Government presented insufficient evidence to convict

him.  He argues that the testimony of Officer Breece and Special Agent Greenfield was so

---

  [2] We note that the result would be the same were we to examine this case under a
Fourth Amendment analysis as laid out by *Illinois v. Wardlow*, 528 U.S. 119 (2000).
Given the totality of the circumstances, the police had ample reason to suspect criminal
activity was afoot.  They received a tip, placing an individual with a machine gun in close
proximity to a school.  Upon arriving at the given location, the officers observed a vehicle
matching the given description.  Officer Breece observed the passenger, Owens, gesturing
excitedly, the vehicle stopping abruptly, and Owens rapidly exiting the vehicle.  While
flight alone is insufficient, the totality of the circumstances provided the officer with
reasonable suspicion for a *Terry* stop.  *Terry v. Ohio*, 392 U.S. 1 (1968).

incredible as to render any belief by the jury of their testimony unreasonable.[3] Our review "of the sufficiency of the evidence after a conviction is 'highly deferential.'" *United States v. Hart*, 273 F.3d 363, 371 (3d Cir. 2001). When examining the evidence, however, it is not "for us to weigh the evidence or to determine the credibility of the witnesses." *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996) (quoting *United States v. Schoolcraft*, 879 F.2d 64, 69 (3d Cir. 1989)). Instead, we must review the evidence in the light most favorable to the government. *United States v. Thomas*, 114 F.3d 403, 405 (3d Cir. 1997); *Schoolcraft*, 879 F.2d at 69. We will sustain the verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Voigt*, 89 F.3d at 1080 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Each of Owens' arguments would require this Court to discredit the veracity of Breece and Greenfield simply because we could find them less credible than Owens' explanation. As explained above, however, that is not the function of appellate review. *Voigt*, 89 F.3d at 1080. Instead, we must examine the evidence in the light most favorable to the Government, here believing Breece and Greenfield's testimony as true. *Thomas*, 114 F.3d at 405; *United States v. Scanzello*, 832 F.2d 18, 21 (3d Cir. 1987)("all reasonable inferences must be drawn and all credibility issues resolved in the

---

[3] Owens' opening argument in his brief claims that the testimony of Special Agent Gaines, a ballistics specialist for the Bureau of Alcohol, Tobacco, and Firearms was also incredible. However, he does not identify any specific aspect of Agent Gaines' testimony that is lacking.

government's favor.").

We find that there is sufficient evidence, based on the testimony given at trial by, among others, Officers Breece and DeHart and Special Agent Greenfield, to determine that a rational trier of fact could have found guilt beyond a reasonable doubt. *United States v. Jenks*, 90 F.3d 814, 817 (3d Cir. 1996). We therefore affirm the District Court's denial of Owens' motion for acquittal.

For the foregoing reasons, we will affirm the judgment of the District Court.